**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| STRIVE SPECIALTIES INC., <br><br> Plaintiff, <br><br> v. <br><br><br> ELI LILLY & CO., NOVO NORDISK A/S, and NOVO NORDISK INC., <br><br> Defendants. | Civil Action No.: 5:26-CV-00155-MA |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS**

**INTRODUCTION**

Strive's opposition confirms that there is good cause to stay discovery until the Court resolves Defendants' pending motions to dismiss.  Strive does not dispute that, if granted, Defendants' motions will eliminate the need for discovery.  Nor has Strive explained why briefly delaying the start of discovery—should its complaint survive Defendants' motions—will cause it prejudice, let alone prejudice that outweighs the harm to Defendants and third parties if they are subject to burdensome discovery.  The Court should grant Defendants' motion and stay discovery.

**ARGUMENT**

**A.     Defendants Have More Than Satisfied The Good Cause Standard For A Stay.**

Strive does not contest that a stay is appropriate where (1) the defendant files a "non-frivolous" dismissal motion that, if granted, would eliminate the need for discovery, and (2) the burden of potentially avoidable discovery outweighs the prejudice, if any, resulting from the delay. *See* Pl.'s Opp. to Defs.' Mot. to Stay Discovery, ECF No. 47 ("Opp.") at 3-5.  Instead, Strive argues that Defendants are "lobby[ing] for a new lower-than-good-cause standard."  Opp. at 3. That is wrong.  Defendants cited numerous cases finding good cause to stay discovery where, as here, a motion to dismiss could eliminate the need for discovery ***and*** the burden of potentially avoidable discovery outweighs the prejudice that would result from the delay.  *See* Defs.' Mot. to Stay Discovery, ECF No. 46 ("Mot.") at 2-3; *see also, e.g.*, *Conquest v. Camber Corp.*, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014) (staying discovery after "balanc[ing] the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery").  Defendants' strong motions to dismiss simply reinforce the existence of good cause as in those prior cases.

1

**B.      The Balance Of Harms Weighs In Favor Of A Stay.**

Strive's opposition also confirms that the balance of harms weighs in favor of a stay because Strive will suffer no prejudice from a short stay of discovery.  Strive's only argument for prejudice is that, as an antitrust plaintiff, it has an interest in the expeditious resolution of its claims. *See* Opp. at 5-6.  But all plaintiffs have an interest in the expeditious resolution of their claims, and if that were enough to demonstrate prejudice, discovery stays would never be granted.  *See X Corp. v. Nat'l Music Publishers Ass'n*, 2026 WL 1098984, at *3 (N.D. Tex. Apr. 23, 2026) (granting a stay of discovery can promote the "just, speedy, and inexpensive determination of every action and proceeding" under Fed. R. Civ. P. 1 by first "test[ing] the legal adequacy of the complaint and then, as necessary, … proceed[ing] with open discovery").  Unlike cases where courts have denied motions to stay discovery, Strive has not argued that it needs discovery to oppose Defendants' dismissal motions, nor has it identified any risk of spoliation.  *See* Mot. at 5-6; Opp. at 5-6; *see also Patel v. Qatar Airways Grp. Q.C.S.C.*, 2025 WL 1673911, at *2 (W.D. Tex. May 7, 2025) (finding stay of discovery "appropriate" because "discovery is not needed to resolve the pending motion to dismiss"); *Alkane Midstream, LLC v. Mesa Nat. Gas Sols. LLC,* 2026 WL 562719, at *2 (W.D. Tex. Feb. 19, 2026) (granting motion to stay discovery where no showing of prejudice or that evidence would be lost).

By contrast, Defendants have demonstrated that Defendants and third parties will suffer significant prejudice absent a stay.  *See* Mot. at 6-7.  Strive attempts to overcome that showing by arguing that "Defendants will not save any meaningful costs" because the discovery Strive intends to seek will still be required if the case proceeds beyond the pleadings.  Opp. at 6.  But that ignores the reality that should Defendants prevail on their motions to dismiss, which is more than reasonably likely, *the case will not proceed beyond the pleadings*, making discovery expenses entirely unnecessary.  *See, e.g.*, *Patel,* 2025 WL 1673911, at *1 (granting stay of discovery where

2

"disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense"); *YETI Coolers, LLC v. Magnum Solace, LLC*, 2016 WL 10571903, at *2 (W.D. Tex. Oct. 19, 2016) (discussing how a stay of discovery is appropriate where there is a "reasonabl[e] likelihood" of dismissal).

Strive's argument that any discovery it intends to take while Defendants' motions to dismiss are pending would be merely "foundational" is belied by Strive's representations in the parties' Joint Discovery/Case Management Plan that it seeks to immediately begin broad discovery of Defendants and third parties. Opp. at 6; *see* ECF No. 45 at 3, 7. While Strive has not yet served any discovery requests—undermining any supposed urgency—Strive does not dispute that it intends to seek broad ranging discovery, or that antitrust discovery is uniquely "broad, time-consuming, and expensive." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008); Mot. at 7-8 (collecting authority); *see also X Corp.*, 2026 WL 1098984, at *2 (holding that the "expected burden" of antitrust discovery is significant, even without "actual discovery requests to examine"). If and when Strive serves discovery, Defendants and third parties would have to bear the significant time and financial burden of responding to lengthy written discovery requests, identifying and interviewing potential document custodians, and collecting tens of thousands of documents (if not more). There is no need for Defendants to bear such a disproportionate burden before the Court has determined whether Strive has plausibly alleged an Article III injury or any viable antitrust claim.

Strive also suggests that a stay of discovery could "creat[e] burdens later, when fact discovery is near to a close." Opp. at 7. Not so. Defendants have already agreed to negotiate a Protective Order, ESI Order, and Privilege/FRE 502 Order, so that should the Court deny Defendants' motions to dismiss, the parties may efficiently proceed with discovery. Defendants

3

have also proposed a schedule that provides for the efficient resolution of this case, with deadlines set based on the Court's ruling on Defendants' motions to dismiss. *See* ECF No. 45-1. Defendants' schedule contemplates a brief discovery stay pending resolution of Defendants' motions to dismiss, and should it become necessary, provides a realistic timeline for completing discovery.

The cases that Strive cites do not support denying a stay of discovery here. *See* Opp. at 5. The two decisions in large multi-district litigations cited by Strive both involved denials of motions to dismiss followed by denials of motions to bifurcate class and merits discovery. *See id.* (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 173-74 (D.D.C. 2009) (bifurcation of discovery would create "a continued need for supervision" and an "increased number of disputes" that would prevent expeditious resolution of the plaintiffs' claims), and *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *2, *5 (E.D. Pa. Nov. 29, 2004) ("[b]ifurcation would be inefficient, unfair, and duplicative" and "delay the resolution of the litigation," which had "already been on the docket for over 18 months")). Neither of those cases involved a request like Defendants' request here to stay discovery briefly at the outset of a case pending the resolution of a motion to dismiss. And, in *YETI Coolers*, the court denied defendant Magnum's motion to stay discovery pending the outcome of its motion to dismiss because the motion did not have a reasonable likelihood of success. 2016 WL 10571903, at *2. The *YETI Coolers* court explained that "YETI has filed dozens of cases against similar alleged infringing products, in very similar legal and factual detail" and "[i]n the vast majority of those cases the defendants did not even move to dismiss the complaint . . . and where the cases have not been settled, the cases remain pending with live pleadings with very similar language to the complaint Magnum seeks to have dismissed here." *Id.* Defendants' motions to dismiss in this case bear no resemblance to the dismissal motion in *YETI Coolers*. *See id.* Instead, Defendants have raised

4

"serious legal question[s]" and "factual deficien[cies]" in Strive's complaint and have more than a "reasonabl[e] likelihood" of prevailing. *Id.*; *see also* Mot. at 3-4. *YETI Coolers* thus supports the issuance of a stay.

Strive tries, and fails, to distinguish a case on which Defendants relied— *X Corp.*—arguing that the case is inapposite because it involved "40 defendants" and "eight distinct causes of action." Opp. at 4. But the *X Corp.* court did not grant a stay because of the number of defendants or the number of claims. 2026 WL 1098984, at *2. It granted a stay because "Defendants' arguments for dismissal [were] not frivolous, [were] worthy of serious consideration, and could—if valid— dispose of the whole case," and the "expected burden" of antitrust discovery is "significant." *Id.* The same is true here.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and issue an order temporarily staying discovery pending the resolution of Defendants' motions to dismiss.

Dated: June 3, 2026

Respectfully submitted,

*/s/ David R. Marriott*
David R. Marriott (admitted *pro hac vice*)
New York Bar No. 2682565
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1645
Facsimile: (212) 751-4864
david.marriott@lw.com

Amanda P. Reeves (admitted *pro hac vice*)
District of Columbia Bar No. 496338
Melissa Arbus Sherry (admitted *pro hac vice*)
District of Columbia Bar No. 497787
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
amanda.reeves@lw.com
melissa.sherry@lw.com

Elyse M. Greenwald (admitted *pro hac vice*)
California Bar No. 268050
**LATHAM & WATKINS LLP**
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5695
Facsimile: (424) 653-5501
elyse.greenwald@lw.com

Allison M. Gorsuch (admitted *pro hac vice*)
Illinois Bar No. 6329734
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7684
Facsimile: (312) 993-9767
allison.gorsuch@lw.com

Nicholas L. Schlossman
Texas Bar No. 24093117
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400

6

Austin, TX 78701
Telephone: (737) 910-7314
Facsimile: (737) 910-7301
nicholas.schlossman@lw.com

*Counsel for Defendant Eli Lilly and Company*

*/s/ Randall L. Christian*
Randall L. Christian (TX Bar No. 00783826)
Jonathan L. Smith (TX Bar No. 24088436)
Bowman & Brooke LLP
2901 Via Fortuna Drive
Suite 500
Austin, TX 78746
T: (512) 874-3811
randall.christian@bowmanandbrooke.com
jonathan.smith@bowmanandbrooke.com

Andrew D. Lazerow (admitted *pro hac vice*)
District of Columbia Bar No. 463431
Ashley E. Bass (admitted *pro hac vice*)
District of Columbia Bar No. 493639
Henry B. Liu (admitted *pro hac vice*)
District of Columbia Bar No. 986296
Jeffrey Cao (*pro hac vice forthcoming*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
T: (202) 662-6000
alazerow@cov.com
abass@cov.com
hliu@cov.com
jcao@cov.com

Kurt Calia (*pro hac vice forthcoming*)
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
T: (650) 632-4700
kcalia@cov.com

*Counsel for Defendants Novo Nordisk Inc. and
Novo Nordisk A/S*

7

8

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on June 3, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ David R. Marriott
David R. Marriott